```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Micronics Filtration Holdings,
Inc.

    v.                                      Civil No. 18-cv-303-JL
                                                  Opinion No. 2018 DNH 248

Timothy Miller, Peter Kristo,
and Pure Filtration, LLC


## **MEMORANDUM ORDER**

In this trade-secrets case, plaintiff Micronics Filtration Holdings, Inc. has moved for reconsideration of the court's October 4, 2018, order granting-in-part and denying-in-part defendants' motion to dismiss the amended complaint.[1] Micronics argues that the court erred, first when it applied the heightened pleading standard of Federal Rule of Civil Procedure 9(b) to portions of its claims for intentional interference with existing contractual relations and violation of the New Hampshire Consumer Protection Act ("NHCPA"), and also when the court refused to consider material attached to Micronics' withdrawn motion for a preliminary injunction in assessing those claims and Micronics' defamation claim. Local rule 7.2(d) allows a party to seek reconsideration of an interlocutory order

---

[1] Doc. no. 39.

based on manifest errors of fact or law.  Micronics has identified no such errors.

**Application of Rule 9(b)**.  Micronics argues that the court made two errors when it applied Rule 9(b) to Micronics' interference and NHCPA claims.  First, it contends that the court improperly inserted a reliance requirement into these claims.  This misreads the court's order.  The court did not suggest that Micronics needed to show that it relied on alleged misstatements to state a claim.  Claims which do not explicitly charge fraud are still subject to Rule 9(b) if the factual allegations "effectively charge fraud."  N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009).  In the relevant passage of the order, the court considered potential arguments Micronics might have made that its factual allegations did not "effectively charge fraud," and therefore should not be subject to Rule 9(b).[2]  The court highlighted the fact that Micronics did not rely on the alleged misstatements not as a deficiency in its claims, but as a potential argument that its allegations were not essentially

---

[2] Thus, when the court considered whether Micronics "effectively alleged that defendants committed fraud," "effectively" stood for "in effect," referencing Cardinale.  Doc. no. 39 at 11. Micronics seems to have read it as "in an effective manner" -- a valid usage, but not consistent with the context of the passage. See Bryan A. Garner, Garner's Modern English Usage 321 (4th ed. 2016).

2

allegations of fraud. For the reasons stated in the order, the court determined that this arguable deviation from the "textbook elements of a fraud" was not decisive and that Rule 9(b) applied to Micronics' allegations. The court did not insert a reliance element into Micronics' claims.

Second, Micronics maintains that the court incorrectly interpreted the Cardinale decision. Micronics reads Cardinale as limiting the application of Rule 9(b) to instances where the plaintiff has explicitly pleaded fraud. The court considered and rejected this reading in the order.[3] While it is true that the plaintiff in Cardinale explicitly pleaded fraudulent conduct as support for an interference claim, the First Circuit Court of Appeals explained in both Cardinale and Mulder v. Kohl's Dep't Stores, Inc. that Rule 9(b) also applies "where the core allegations effectively charge fraud." Cardinale, 567 F.3d at 15; Mulder, 865 F.3d 17, 21-22 (1st Cir. 2017). And Mulder favorably cites a District of Massachusetts case in which the district court applied Rule 9(b) to a claim under Massachusetts's consumer protection statute even though the plaintiff did not explicitly plead fraud. 865 F.3d at 22 (citing Martin v. Mead Johnson Nutrition Co., No. 09-cv-11609-NMG, 2010 WL 3928707, at *3 (D. Mass. Sept. 30, 2010)).

---

[3] Order of October 4, 2018 (doc. no. 39) at 10-11.

3

Micronics' reliance on Cardinale's statement that "arguably Rule 9(b) does not apply except so far as fraud is specifically alleged as an ingredient of the claim" assumes that "specifically alleged" means "explicitly alleged." 567 F.3d at 14. But the better reading is that "specifically alleged" includes both "explicitly alleged" and "effectively alleged," and that the statement means that Rule 9(b) only applies to an intentional interference claim to the extent that the underlying factual allegations of interference explicitly or effectively allege fraud.[4] Micronics has identified no manifest error in the court's application of Cardinale.

**Consideration of injunction pleadings**. In ruling on the motion to dismiss, the court declined to consider materials that Micronics submitted in support of its motion for a preliminary injunction.[5] Micronics argues that this constitutes manifest error. It further contends that allegations in these materials, when combined with the amended complaint, would allow Micronics to meet the heightened standard of Rule 9(b) for its intentional

---

[4] If such a claim also alleges an independent means of interference other than fraud, that portion of the claim would not be subject to Rule 9(b). Cf. Order of October 4, 2018 (doc. no. 39) T 8-9 (explaining a similar rule for the application of New Hampshire Uniform Trade Secrets Act preemption).

[5] Order of October 4, 2018 (doc. no. 39) at 4 n.1, 15 n.13.

4

interference and NHCPA claims and the heightened requirement for defamation pleading.[6]

Consideration of documents "not attached to the complaint or expressly incorporated by it" is normally forbidden in the context of a motion to dismiss. Flores v. OneWest Bank, F.S.B., 886 F.3d 160, 167 (1st Cir. 2018). But the First Circuit Court of Appeals has recognized "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). Micronics argues that its injunction-related filings fall under the "official public records" and "central to plaintiffs' claim" exceptions. They do not.

The contents of documents filed with a court are not automatically "official public records" for the purposes of Rule 12(b)(6) review. See Rocket Learning, Inc. v. Rivera-Sanchez, 715 F.3d 1, 9 n.5 (1st Cir. 2013) (A "preliminary injunction hearing record . . . does not fall within any of the narrow exceptions" outlined in Watterson.); Streit v. Bushnell, 424 F.Supp.2d 633, 639 n.3 (S.D.N.Y. 2006)("A complaint cannot be

---

[6] Micronics has not asked the court to reconsider the dismissal of its breach of contract claim involving solicitation of employees.

5

modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss or for summary judgment."). Instead, "the phrase 'official public records' . . . appears limited, or nearly so, to documents or facts subject to judicial notice under Federal Rule of Evidence 201." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013). That rule permits judicial notice of "a fact that is not subject to reasonable dispute," because it is either generally known or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Court filings certainly might fall within the scope of the rule, especially if the question at hand is the legal effect of previous proceedings. See Boateng v. InterAm. Univ., Inc., 210 F.3d 56 (1st Cir. 2000) (considering a state court complaint and judgement in assessing res judicata); Henson v. CSC Credit Services, 29 F.3d 280 (7th Cir. 1994) (considering state court documents to determine if a certain judgment had in fact been entered). But the fact that a party has filed a document with a court does not elevate the accuracy of its contents. Micronics asks the court to take accusations from disputed affidavits attached to a motion for preliminary injunction and add them as allegations to the amended complaint in the same lawsuit. As these accusations are subject to reasonable dispute, this would

not be an exercise of judicial notice, and so is beyond the "official public records" exception.

Micronics' injunction-related filings also do not fall within the "central to plaintiff's claim" exception.  This exception exists for documents from which the claims arise, such as transactional documents or allegedly wrongful publications. See Watterson, 987 F.2d at 4 (citing offering documents in a securities fraud case and an article alleged to be libelous); Shaw v. Dig. Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996) (considering the substance of allegedly false or misleading statements in a securities action); Campbell v. Specialized Loan Servicing, LLC, No. 13-cv-278, 2014 WL 280492 at *1 n.1 (D.N.H. Jan. 23, 2014) (Barbadoro, J.) (considering the note and mortgage in a foreclosure case).  Under this exception, "[a] court may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint," because plaintiffs might otherwise selectively quote or omit material which undermined their claim.  Shaw, 82 F.3d at 1220.  The measure of whether a document is central to a claim is not whether its content assists plaintiff in adequately pleading the claim, but whether it is itself a necessary foundation of the claim.  Affidavits describing alleged misstatements or defamation are not "central" in this way.

Even if there were grounds to consider the injunctive pleadings, Micronics has not shown that the court would be obligated to do so. The First Circuit Court of Appeals recently explained that "there are some 'narrow exceptions' in which a court may, <u>if it chooses</u>, consider extrinsic documents . . . without turning the 12(b)(6) motion into a motion for summary judgment." Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 25 (1st Cir. 2018)(emphasis added). Once exception is where the document "effectively merges into the pleadings," which gives "the court the <u>discretion</u> to consider such additional material." Id. (emphasis added). Newman arguably assumes that defendants are arguing for consideration of extrinsic documents, and the alternative is summary judgement. But Micronics has not shown that a court is obligated, rather than permitted, to consider documents beyond the complaint at plaintiff's request. Absent an obligation, refusing to consider the injunctive pleadings cannot be manifest error.

Micronics has not shown manifest error in the court's exclusion of the injunctive pleadings. The affidavits attached to those pleadings are neither "official public records" nor documents "central to plaintiff's claim."

**Conclusion.** The court DENIES Micronics' motion for reconsideration.[7]

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 12, 2018

cc: W. Fulton Broemer, Esq.
    Matthew R. Johnson, Esq.
    Mark B. Rosen, Esq.

---

[7] Doc. no. 47.